IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $10,000.00 IN U.S. CURRENCY SEIZED ON MAY 2, 2018, PURSUANT TO THE EXECUTION OF A FEDERAL SEARCH WARRANT, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and James L. Morford and Margaret A. Sweeney, Assistant U.S. Attorneys, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district.

3. Venue is proper in this district pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1395 because the action accrued in this district.

4. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the United States Marshals Service will execute upon the defendant currency. *See*, Supplemental Rules G(3)(b) and G(3)(c).

5. The defendant $10,000.00 in U.S. Currency (the "defendant currency") was seized on May 2, 2018, by the U.S. Postal Inspection Service ("USPIS") pursuant to the execution of a federal search warrant. The defendant currency is now in the custody of the federal government.

6. The USPIS commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted in the administrative forfeiture proceeding by Zachary Last, thereby requiring the filing of this judicial forfeiture action.

7. The defendant currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

**FORFEITURE**

8. The U.S. Mail commonly is used by drug traffickers to send illegal controlled substances - as well as U.S. currency derived from the distribution of illegal controlled substances, either as payment or proceeds - because they know that the U.S. Mail (including Priority Express and Priority Mail) is protected against inspection without a federal search

warrant. Further, by using Priority Express and Priority Mail, drug traffickers can track the parcels and have an expected delivery in one or two business days.

9. Nevada is a common origination area for controlled substances sent through the U.S. Mail with the Northern Ohio area being a common destination point. Also, Nevada is a common destination point for drug proceeds sent through the U.S. Mail.

10. On April 25, 2018, law enforcement authorities were contacted by a postal clerk with the Stow Post Office. The clerk stated that a male (later identified as Damon Stevenson) had been mailing out suspicious parcels several times a week for several weeks. Additionally, the clerk advised that both the person and the parcels smelled of marijuana, and that the parcels were normally addressed to an address in Nevada or Columbus, Ohio.

11. On May 1, 2018, the postal clerk again contacted law enforcement and advised that the male (Stevenson) had come in the post office and paid for two (2) parcels to be mailed.

12. The return address on the first parcel (the "subject parcel" in this case) was:

1428 Barlow Rd.
Hudson, Ohio 44236

The parcel was addressed to:

Zach Last
401 Pine Haven St. Unit [redacted]
Las Vegas NV 89144.

13. The second parcel was addressed to an individual in Columbus, Ohio.

14. The subject parcel was a U.S. Postal Service Priority Mail Express parcel bearing tracking number EL492521227US. The second parcel was a Priority Mail parcel bearing tracking number 9505515875398121209623.

15. At the Stow Post Office on May 2, 2018, the parcels were subjected to a narcotics detection canine (Hoppa). Hoppa – who was handled by a detective with the Summit County

3

Drug Unit - gave a positive alert on both parcels. According to the detective, this positive alert means that Hoppa detected the odor of an illegal drug emanating from the parcels.

16. U.S. Postal Inspectors took possession of the parcels and transported them to the USPIS field office in Cleveland, Ohio.

17. Also on May 2, 2018, federal search warrants were obtained and executed on the parcels. Upon opening the subject parcel, U.S. Postal Inspectors found the defendant $10,000.00 in U.S. Currency. The currency was concealed inside vacuum sealed food saver bags, which were wrapped with bubble wrapping and packing paper.

18. Vacuum sealed food saver bags are used to conceal the scent of illegal controlled substances.

19. There were no handwritten notes, receipts, or instructions with the defendant currency inside the parcel. From their training and experience, U.S. Postal Inspectors know that individuals who traffic in illegal controlled substances rarely include any type of instruction with the illegal proceeds - unlike legitimate business transactions or personal gifts, with respect to which notes, letters, or receipts are included with the cash or monetary instruments.

20. The breakdown of the defendant currency was as follows: 7 ($100 bills), 6 ($50 bills), 448 ($20 bills), 3 ($10 bills), and 2 ($5 bills).

21. The defendant currency consisted mainly of $20 bills, making up $8,960.00 of the $10,000.00 recovered. Narcotics traffickers are known to use low denomination currency to conduct their business. U.S. Postal Inspectors have found that narcotic payments mailed back to a drug source city, in most instances, have a large quantity of $20 denomination bills.

22. Upon opening the second parcel, U.S. Postal Inspectors found approximately one ounce of marijuana concealed inside two vacuum sealed food saver bags.

23. As alleged above, the return address on the subject parcel was 1428 Barlow Rd., Hudson, Ohio.

24. A detective with the Summit County Drug Unit ("SCDU") conducted surveillance of the residence at 1428 Barlow Road. Surveillance cameras were mounted on each corner of the residence. Also, it appeared that there was a doorbell camera mounted near the front door.

25. On May 8, 2018, members of the SCDU conducted a trash pull at 1428 Barlow Road. A (small) amount of marijuana, burnt marijuana cigarettes, and the cut off tops of vacuum sealed bags were recovered.

26. On May 31, 2018, the SCDU – with the assistance of Ohio Edison – installed a pole camera to conduct remote surveillance at 1428 Barlow Road and to identify suspects involved in the marijuana trafficking activity. The SCDU detective reviewed the activity captured by the pole camera on a daily basis. Damon Stevenson was positively identified at the residence nearly every day.

27. As alleged above, the subject parcel was addressed to Zach Last in Las Vegas, Nevada.

28. Zach Last also is associated with the 1428 Barlow Road address. Particularly, Last had an Ohio driver's license issued at the address.

29. The SCDU detective reviewed pole camera footage from June 8, 2018. Stevenson was observed exiting a black Cadillac ATS and retrieving a shipping box from the trunk of the vehicle. Stevenson took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

30. The observations alleged in paragraph 29 are consistent with drug trafficking activity.

31. The SCDU detective reviewed pole camera footage from June 9, 2018. Stevenson was observed exiting a white sports utility vehicle and retrieving a shipping box from the rear cargo area of the vehicle. Stevenson took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

32. The observations alleged in paragraph 31 are consistent with drug trafficking activity.

33. The SCDU detective reviewed pole camera footage from June 21, 2018. Stevenson was observed exiting a green sedan type vehicle and retrieving a large brown shipping box from the vehicle. Stevenson took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

34. The observations alleged in paragraph 33 are consistent with drug trafficking activity.

35. The SCDU detective reviewed pole camera footage from June 27, 2018. Stevenson was observed exiting a silver Mercury Montego and retrieving a large brown shipping box from the trunk of the vehicle. Stevenson and the driver/owner of the vehicle took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

36. The observations alleged in paragraph 35 are consistent with drug trafficking activity.

37. The SCDU detective reviewed pole camera footage from July 2, 2018. Stevenson was observed exiting a silver Mercury Montego and retrieving a large brown shipping box from the trunk of the vehicle. Stevenson took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

38. The observations alleged in paragraph 37 are consistent with drug trafficking activity.

39. The SCDU detective reviewed pole camera footage from July 6, 2018. Stevenson was observed exiting a red sports utility type vehicle and retrieving a brown shipping box from the vehicle. Stevenson took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

40. The observations alleged in paragraph 39 are consistent with drug trafficking activity.

41. The SCDU detective reviewed pole camera footage from July 11, 2018. Stevenson was observed exiting a red minivan and retrieving a large brown shipping box from the back seat of the vehicle. Stevenson took the shipping box into the residence at 1428 Barlow Road. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

42. The observations alleged in paragraph 41 are consistent with drug trafficking activity.

43. The SCDU detective reviewed pole camera footage from July 13, 2018. A person (male) was observed arriving at 1428 Barlow Road in a black 2017 Honda CRV. The person retrieved a large brown shipping box from the rear cargo area of the vehicle and met with Stevenson at the front door of the residence. The shipping box was then taken into the residence. Over the next few hours, several individuals arrived at the residence carrying backpack type bags. The individuals entered the residence and departed within minutes of their arrival.

44. The observations alleged in paragraph 43 are consistent with drug trafficking activity.

45. On July 17, 2018, SCDU detectives – with the assistance of the Ohio State Highway Patrol ("OSHP") – conducted surveillance at 1428 Barlow Road. At approximately 3:02 p.m., a black 2011 Mazda 4 door vehicle stopped in front of the residence. Stevenson was observed by both the pole camera and undercover detectives in the area to exit the residence and walk down the driveway. Stevenson was carrying two brown shipping parcels.

46. Stevenson entered the 2011 Mazda with the parcels and the vehicle departed east on Barlow Road. Surveillance units followed.

47. At approximately 3:05 p.m., an OSHP Sergeant – while operating a marked OSHP cruiser – initiated a traffic stop of the 2011 Mazda in Hudson, Ohio, near a U.S. Post Office.

48. During the traffic stop, the OSHP Sergeant detected the strong odor of fresh marijuana emanating from the interior of the vehicle. Conversation was conducted with the driver (determined to be a Lyft driver) and Stevenson, the back seat passenger. The OSHP Sergeant observed marijuana pieces on the floor near Stevenson's feet. Stevenson stated that the two parcels contained marijuana THC hashish oil.

49. Both parcels were sealed with U.S. postal shipping labels affixed to the front. When opened, the parcels were found to contain, respectively, ten (10) and five (5) THC hashish oil e-cigarette cartridges.

50. As he was placing him into the patrol car, the OSHP Sergeant noticed that a strong odor of marijuana was emanating from Stevenson's person.

51. At approximately 5:03 p.m. on July 17, 2018, a state search warrant was executed at the 1428 Barlow Road residence. Among other things, officers seized the following items:

a.) 85 ½ gram THC hashish oil e-cigarette cartridges.

b.) three (3) vacuum sealed bags containing marijuana.

c.) digital scale.

d.) food saver vacuum heat sealer.

e.) miscellaneous USPS paperwork/documents.

f.) $4,150.00 U.S. Currency. (Note: this $4,150.00 U.S. Currency is not a defendant property in the instant case.)

g.) two (2) ½ gram THC hashish oil e-cigarette cartridges.

h.) miscellaneous marijuana wrappings/bags.

i.) black duffle bag containing a money counter, marijuana wrapping/bags, and USPS boxes.

j.) miscellaneous marijuana paraphernalia.

52. Criminal complaints were presented to the Stow Municipal Clerk of Courts Office. Arrest warrants were obtained for Stevenson for possession/trafficking in THC hashish oil and possession/trafficking in marijuana. Stevenson's criminal case (No. CR-2018-08-2639) was transferred to the Summit County Court of Common Pleas on or about August 16, 2018.

53. Between September 5, 2017 and September 5, 2018, approximately 34 parcels were mailed from a post office(s) in Stow/Hudson, Ohio, to Zachary Last's 401 Pine Haven Street, Unit [redacted], Las Vegas, Nevada, address.

54. Between September 5, 2017 and September 5, 2018, approximately 41 parcels were mailed from a post office(s) in Las Vegas, Nevada, to the 1428 Barlow Road, Hudson, Ohio, address.

## CONCLUSION

55. By reason of the foregoing, the defendant $10,000.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Justin E. Herdman
U.S. Attorney, Northern District of Ohio

By: _____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov - AND

*[signature]*
Margaret A. Sweeney (Ohio: 0086591)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3990 / Fax: 216.522.7499
Margaret.Sweeney@usdoj.gov

## VERIFICATION

STATE OF OHIO              )
                           ) SS.
COUNTY OF CUYAHOGA )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

*[signature]*
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this 3rd day of October, 2018.

*[signature]*
Notary Public Anna J. Dudas
Notary Public, State of Ohio
My Commission Expires 12-5-2021

11